Salah Khatib (SBN 330359)
Abusharar and Associates
501 N. Brookhurst St. #202
Anaheim, CA 92801
Tel: 714-535-5600
Fax: 714-535-5605
Email: associate@abushararlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rami Abdo Akary<br><br>Plaintiff,<br><br>vs.<br><br>**United States Department of Homeland Security; United States Citizenship and Immigration Services; National Benefits Center; Teri Robinson,** Director of the National Benefits Center; **Kristi Noem**, Secretary, Department of Homeland Security; **Kika Scott,** Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS |

## INTRODUCTION

1. This action is brought by Plaintiff Rami Abdo Akary by and through his attorney, to request issuance of a writ of mandamus or in the nature of mandamus and/or to compel under the Administrative Procedure Act ("APA") ordering Defendants and those acting under them to

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 1

process a I-485 Applications to Register Permanent Residence or Adjust Status, which was received and pending as of June 23, 2023 and which has still not been adjudicated.

2. On January 9, 2023, Immigration Judge Susan Phan of the Sacramento, California Immigration Court granted Plaintiff's I-589 Application for Asylum and Withholding of Removal. (**Exhibit A- Order of the Immigration Judge**).

3. Subsequent to Judge Phan approving Plaintiff's I-589 Applications, on June 23, 2023, Plaintiff submitted to Defendant United States Citizenship and Immigration Services an I-485 Application to Register Permanent Residence or Adjust Status. (**Exhibit B – Receipt Notice**)

4. Since the date that Plaintiff submitted his I-485 Applications to Register Permanent Residence or Adjust Status, Plaintiff has not received any notification from Defendant National Benefits Center about when the adjustment of status case will be adjudicated. According to the USCIS website, the processing time for adjustment of status applications at the is 15.5 months, in this case, it has been nearly 2 years since he submitted his adjustment of status application. (**Exhibit C– USCIS website print-out**).

5. Defendants have violated the Administrative Procedures Act ("APA") by failing to adjudicate the pending I-485 Application to Register Permanent Residence that Plaintiff filed and which has been pending now for close to two years. Plaintiff seeks to compel Defendants, through a writ of mandamus, to the pending adjustment of status case.

## PARTIES

6. Plaintiff RAMI ABDO AKARY was granted asylum on January 9, 2023 and he filed his I-485 Application to Register Permanent Residence or Adjust Status on June 23, 2023.

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 2

7. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (hereinafter "DHS") is an agency of the United States government involved in the acts challenged, employs the officers named as defendants, and includes the U.S. Citizenship and Immigration Services and the National Benefits Center, and officers named as defendants in this complaint.

8. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (hereinafter "USCIS") is an agency of the United States government under the DHS, overseeing the National Benefits Center and officers named as defendants in this Complaint.

9. Defendant NATIONAL BENEFITS CENTER (hereinafter "National Benefits Center") is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate Plaintiff's I-485 Applications to Register Residence of Adjust Status.

10. Defendant TERI ROBINSON (hereinafter "Director Robinson") is the director of the National Benefits Center office. This suit is brought against Director Robinson in her official capacity, as she is charged with overseeing the adjudication of the I-485 Application to Register Permanent Residence or Adjust Status at the National Benefits Center in a timely manner, and ensuring the efficiency of the officers employed.

11. Defendant KRISTI NOEM (hereinafter Secretary Noem") is the Secretary of the Department of Homeland Security. This suit is brought against Secretary Noem in her official capacity, as she is charged with the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties, and functions of the Department of Homeland Security.

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 3

12. Defendant KIKA SCOTT (hereinafter "Senior Official Scott") is the Senior Official Performing the Duties of the Director of USCIS, the Agency charged with adjudicating Plaintiff's I-485 Applications to Register Permanent Residence or Adjust Status. This suit is brought against Senior Official Scott in her official capacity, as she is charged with oversight, administration, and execution of immigration laws of the United States.

## JURISDICTION

13. The Administrative Procedure Act recognizes a right of judicial review for any person "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S.C. § 702. Plaintiff suffered a legal wrong and continues to suffer because of the Defendants' failure to act upon the pending I-485 Application to Register Permanent Residence or Adjust Status applications for indefinite periods of time.

14. This Court has jurisdiction over the present action pursuant to 8 C.F.R. § 204, Immigration & Nationality Act §203 (b)(1)(C); 28 U.S.C. § 1131; 28 U.S.C. §1361, the Mandamus Act; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701-706, the Administrative Procedures Act. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412(d), et seq. Relief is requested pursuant to said statutes.

15. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline. *See Biodiversity Legal Foundation*

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 4

*v. Badgley,* 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress has specifically provided a deadline for performance, … no balancing of factors is required or permitted."

## VENUE

16. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under the color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a plaintiff resides, so long as no real property is involved in the action. Plaintiff resides in Moorpark, California, which is located in the Central District of California. No real property is involved in this action. Therefore, venue is proper in this Court.

## EXHAUSTION OF REMEDIES

17. Plaintiff has no administrative remedies. Since Plaintiff received his Receipt Notice dated June 23, 2023 informing that his case had been received and was in process, he has received no correspondence or communications whatsoever from Defendant USCIS nor Defendant National Benefits Center about how much longer he will have to wait for the pending I-485 Application to Register Permanent Residence or Adjust Status to be adjudicated. There are no administrative remedies for neglect of duty.

## CAUSE OF ACTION

18. On June 23, 2023, Plaintiff filed a I-485 Application to Register Permanent Residence or Adjust Status which was received and processed by the Defendant National Benefits Center.

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 5

19. Since the date that his case was received by the Defendant National Benefits Center, the Plaintiff has received no further information about how long he would have to wait to have his application adjudicated.

20. The USCIS website indicates that it takes 15.5 months to complete adjudication of an I-485 Applications to Register Permanent Residence or Adjust Status and in this case it has been nearly two years since Plaintiff submitted his application and there is still no word from Defendants about how much longer the adjudication process will take.

21. Under 28 U.S.C. § 1361, the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

22. Under the Administrative Procedures Act, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

23. It has been nearly two years since Plaintiff submitted his I-485 Applications to Register Permanent Residence or Adjust Status and his cases has not yet been adjudicated by Defendant National Benefits Center.

24. Plaintiff has no adequate remedy at law, and will continue to suffer irreparable harm if the pending I-485 Applications to Register Permanent Residence or Adjust Status is not promptly adjudicated.

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 6

27. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of the mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiffs.]"

28. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction [ ] and agreeable to the usages and principles of law."

## CLAIM FOR RELIEF

29. Plaintiff's claim in this action is clear and certain. Plaintiff realleges paragraphs 1 through 28, and, as if fully set forth, Plaintiff is entitled to an order in the nature of mandamus to compel Defendants to complete the adjudication of the pending I-485 Applications to Register Permanent Residence or Adjust Status. As a result of Defendants' failure to perform their duties, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm. Specifically:

   a. Plaintiff has been irreparably damaged from the fear of not knowing what will happen with the pending I-485 Applications to Register Permanent Residence or Adjust Status. Because of the long wait and unknowing, Plaintiff is enduring significant psychological damage.

   b. The delay is causing irreparable harm to Plaintiff who is not able to live his life in the United States without the assurance that he will receive permanent residence status.

30. The Defendants, in violation of the Administrative Procedures Act, are unlawfully withholding or unreasonably delaying action on Plaintiff's pending I-485 Applications to

Register Permanent Residence or Adjust Status and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to Plaintiff's case.

31. The Defendants, in violation of the Administrative Procedures Act and 22 C.F.R. 42.81(a), are unlawfully withholding or unreasonably delaying action on Plaintiff's pending application and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to his case.

32. The duty of the Defendants is non-discretionary, ministerial, and so plainly described as to be free from doubt that mandamus is appropriate.

33. Plaintiff Rami Abdo Akary has attempted to learn about the status of the pending I-485 Application to Register Permanent Residence or Adjust Status all to no avail. Only the National Benefit Center is able to make decisions on adjudicating the subject I-485 Application to Register Permanent Residence or Adjust Status, leaving no adequate remedy. Accordingly, Plaintiff has been forced to pursue the instant action.

## PRAYER

34. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court:

    a. Accept jurisdiction and maintain continuing jurisdiction of this action;

    b. Declare as unlawful the violation by Defendants of failing to act on a properly filed I-485 Application to Register Permanent Residence or Adjust Status;

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 8

c. Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

d. Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants to take action on Plaintiff's I-485 Application to Register Permanent Residence or Adjust Status and timely adjudicate his case;

e. Grant attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

f. Grant such other relief at law and in equity as justice may require.

Dated this April 22, 2025                    Respectfully Submitted,

/s/ Salah Khatib

Salah Khatib, Esq.
Counsel for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 9

# LIST OF EXHIBITS TO COMPLAINT FOR DECLARATORY AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS

AKARY v. UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.

| Exhibit | Description | Page |
|---|---|---|
| A | Order of the Immigration Judge | 1-2 |
| B | I-797C Notice of Action | 3 |
| C | Print out from USCIS website | 4 |

COMPLAINT FOR DECLARATORY RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 10

# EXHIBIT A

UNITED STATES IMMIGRATION COURT
650 CAPITOL MALL, SUITE 4-200
SACRAMENTO, CA 95814

IN THE REMOVAL CASE OF                    CASE NO.: A098-222-849
AKARY, RAMI ABDO
RESPONDENT

ORDERS

[✓] This is a memorandum of the Court's Decision and Orders entered on _January 9, 2012_. This memorandum is solely for the convenience of the parties. The oral or written Findings, Decision and Orders is the official opinion in this case. ( ) Both parties waived issuance of a formal oral decision in the case.

[ ] The respondent was ordered REMOVED from the United States to _____ ( ) in absentia.

[ ] Respondent's application for VOLUNTARY DEPARTURE was DENIED and respondent was ordered removed to _____, in the alternative to _____.

[ ] Respondent's application for VOLUNTARY DEPARTURE was GRANTED until _____, upon posting a voluntary departure bond in the amount of $_____ to DHS within five business days from the date of this Order, with an alternate Order of removal to _____ or _____. Respondent shall present to DHS within ( ) thirty days ( ) sixty days from the date of this Order, all necessary travel documents for voluntary departure.

[✓] Respondent's application for ASYLUM was ( ✓ ) granted ( ) denied
  ( ) withdrawn with prejudice.
  ( ) subject to the ANNUAL CAP under the INA section 207(a)(5).
  ( ) Respondent knowingly filed a FRIVOLOUS asylum application.

[✓] Respondent's application for WITHHOLDING of removal under INA section 241(b)(3) was ( ) granted ( ) denied ( ) withdrawn with prejudice. _Not adjudicated_

[✓] Respondent's application for WITHHOLDING of removal under the Torture Convention was ( ) granted ( ) denied ( ) withdrawn with prejudice. _Not Adjudicated_

[ ] Respondent's application for DEFERRAL of removal under the Torture Convention was ( ) granted ( ) denied ( ) withdrawn with prejudice.

[ ] Respondent's application for CANCELLATION of removal under section ( ) 203(b) of NACARA, ( ) 240A(a) ( ) 240A(b)(1) ( ) 240A(b)(2) of the INA, was ( ) granted ( ) denied ( ) withdrawn with prejudice. If granted, it was ordered that the DHS issue all appropriate documents necessary to give effect to this Order. Respondent ( ) is ( ) is not subject to the ANNUAL CAP under INA section 240A(e).

[ ] Respondent's application for a WAIVER under the INA section _____ was ( ) granted ( ) denied ( ) withdrawn or ( ) other _____. ( ) The conditions imposed by INA section 216 on the repondent's permanent resident status were removed.

[ ] Respondent's application for ADJUSTMENT of status under section _____ of the ( ) INA ( ) NACARA ( ) _____ was ( ) granted ( ) denied ( ) withdrawn with prejudice. If granted, it was ordered that DHS issue all appropriate documents necessary to give effect to this Order.

CASE NUMBER: 098-222        RESPONDENT: AKARY, RAMI

[ ] Respondent's status was RESCINDED pursuant to the INA section 246.
[ ] Respondent's motion to WITHDRAW his application for admission was
    ( ) granted ( ) denied. If the respondent fails to abide by any of
    the conditions directed by the district director of DHS, then the
    alternate Order of removal shall become immediately effective without
    further notice or proceedings: the respondent shall be removed from
    the United States to _____.
[ ] Respondent was ADMITTED as a _____ until
    _____. As a condition of admission, the respondent was
    ordered to post a $ _____ bond.
[ ] Case was ( ) TERMINATED ( ) with ( ) without prejudice
    ( ) ADMINISTRATIVELY CLOSED.
[ ] Respondent was orally advised of the LIMITATION on discretionary
    relief and consequences for failure to depart as ordered.
    [ ] If you fail to voluntarily depart when and as required, you shall
    be subject to civil money penalty of at least $1,000, but not more than
    $5,000, and be ineligible for a period of 10 years for any further
    relief under INA sections 240A, 240B, 245, and 248 (INA Section 240B(d)).
    [ ] If you are under a final order of removal, and if you willfully fail
    or refuse to 1) depart when and as required, 2) make timely application
    in good faith for any documents necessary for departure, or 3) present
    yourself for removal at the time and place required, or, if you conspire
    to or take any action designed to prevent or hamper your departure, you
    shall be subject to civil money penalty of up to $813 for each day under
    such violation. (INA section 274D(a)). If you are removable pursuant
    to INA 237(a), then you shall further be fined and/or imprisoned for up
    to 10 years. (INA section 243(a)(1)).
[✓] Other:
    Post-order instructions served

Date: 1/9/2023

                                Susan Phan, Judge

APPEAL: (✓) waived ( ) reserved by ( ) Respondent ( ) DHS ( ) Both
DUE BY:

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:
    MAIL [M] PERSONAL SERVICE [P] ELECTRONIC SERVICE [E]
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [✓] ALIEN's ATT/REP [✓] DHS
DATE: 1/9/2023 BY: [ ] COURT STAFF [✓] JUDGE _SPN_

Y2

2

# EXHIBIT B

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



| Notice to Applicants | CASE TYPE<br>I485; I765 | | NOTICE DATE<br>06/23/2023 |
|---|---|---|---|
| APPLICATION/PETITION/REQUEST NUMBER<br>MSC2390595257; MSC2390595258 | | USCIS A#<br>A098 222 849 | CODE<br>N/A |
| ACCOUNT NUMBER | TCR | SERVICE CENTER<br>NBC | PAGE<br>1 of 1 |

RAMI ABDO AKARY
c/o AKRAM ABUSHARAR
ABUSHARAR AND ASSSOCIATES
501 N. BROOKHURST STREET STE 202
ANAHEIM CA 92801

U.S. Citizenship and Immigration Services (USCIS) has received your form and is currently processing your application, petition, or request. This notice informs you that USCIS is able to reuse your previously captured fingerprints and other biometrics. USCIS will run the same security checks and use your biometric data as in the past; however, **it is not necessary for you to appear at a USCIS Application Support Center (ASC) for a biometrics appointment.** The biometrics fee will not be refunded.

USCIS is continuing to process your application, petition, or request. USCIS will contact you in writing if any additional information is necessary to resolve your case.

This notice is not an approval of your pending application, petition, or request.

To ensure you receive all correspondence from USCIS, you must update your address if you move. For instructions, visit https://www.uscis.gov/addresschange.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or any purpose authorized by the Immigration and Nationality Act. You may obtain a copy of your own FBI record using the procedures outlined within Title 28 C.F.R., Section 16.32. For information, please visit https://www.fbi.gov/services/cjis/identity-history-summary-checks. For Privacy Act information, please visit https://www.fbi.gov/services/cjis/compact-council/privacy-act-statement.

If you have questions regarding this notice, please call the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833).

If you have a pending N-400 application, find more information and study materials by visiting the Citizenship Resource Center at uscis.gov/citizenship.

| APPLICATION NUMBER<br>I485 - MSC2390595257 | APPLICATION NUMBER 2<br>I765 - MSC2390595258; |
|---|---|
|  |  |

**3**

If you have any questions regarding this notice, please contact the USCIS Contact Center at 1-800-375-5283.

Form I-797C   10/12/21

# EXHIBIT C

Para tener acceso a este sitio en español, presione aquí (./es)

# Check Case Processing Times

Select your form, form category, and the office that is processing your case

Refer to your receipt notice to find your form, category, and office. For more information about case processing times and reading your receipt notice, visit the More Information About Case Processing Times (./more-info) page.

**Form ***

I-485 | Application to Register Permanent Residence or Adjust Status

**Form Category ***

Based on grant of asylum more than 1 year ago

**Field Office or Service Center ***

All Field Offices

Get processing time

## Processing time for Application to Register Permanent Residence or Adjust Status (I-485) at All Field Offices

| 80% of cases are completed within |
| :---: |
| **15.5** Months |

Check your case status (https://egov.uscis.gov/casestatus/landing.do) to track the status of an immigration application, petition, or request.

ⓘ Notes

4